**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANCHO DE CALISTOGA,<br><br>Petitioner,<br><br>v.<br><br>CITY OF CALISTOGA, et al.,<br><br>Respondents. | No. C 11-05015 JSW<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED PETITION FOR WRIT OF MANDAMUS** |

**INTRODUCTION**

This matter comes before the Court upon consideration of the motion to dismiss filed by Respondents, City of Calistoga (the "City") and W. Scott Snowden ("Mr. Snowden") (collectively, "Respondents"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing scheduled for November 16, 2012, and it HEREBY GRANTS the motion to dismiss.

**BACKGROUND**

**A.     Procedural History.**

On October 11, 2011, Petitioner, Rancho de Calistoga (the "Parkowner"), filed a Petition for Writ of Administrative Mandamus (the "Original Petition"), in which it asserted that Respondents had violated the takings, due process and equal protection clauses of the United States Constitution and the California Constitution. Specifically, the Parkowner brought facial and as applied challenges to the City's ordinance regarding Mobile Home Park Rent

Stabilization (the "Ordinance").

On the same day, the Parkowner filed Petition for a Writ of Administrative Mandamus pursuant to California Code of Civil Procedure Sections 1094.5, *et. seq.*, in the Superior Court of the State of California for the County of Napa (the "state court proceedings"). (*See* Docket No. 23, Joint Status Report.) Although the parties have not updated the record, there is no suggestion that those proceedings have concluded.

On June 27, 2012, the Court granted Respondents' motion to dismiss the Original Petition. (Docket No. 24, Order Granting Motion to Dismiss.) The Court concluded that the Parkowner's facial challenges were time barred and that its regulatory takings claim was not ripe. (*Id.* at 4:19-5:4, 7:7-8:3.) The Court concluded that the Parkowner failed to state a private takings claim, and it granted the Parkowner leave to amend that claim, and the regulatory takings claim, if it was ripe. The Court also granted the Parkowner leave to amend its substantive due process and equal protection claims, so long as it could show those claims would not be subsumed within the takings claim. (*Id.* at 5:11-7:6, 8:4-9:19.)

On July 25, 2012, the Parkowner filed the First Amended Petition ("FAP").

**B.     Factual Background.**

The Parkowner owns and operates Rancho de Calistoga Mobilehome Park (the "Park"), a 184 space mobile home park in the City of Calistoga (the "City"), which it has owned since approximately 1977. (FAP ¶¶ 5, 11-14.) At that time, the City did not have a rent control ordinance, and the Parkowner alleges that it had a "legitimate investment backed expectation ... that it would be entitled to set the rent at the market rate and that it would not be precluded from charging a non excessive or non monopolistic rent at" the Park. (*Id.* ¶ 17.)

In 1984, the City adopted the Ordinance, which was amended in 1993 and again in October 2007. (*Id.* ¶¶ 21, 23-25; *see also* Respondents' Request for Judicial Notice, Ex. A (Ordinance).) The Ordinance provides, *inter alia*, that "[i]t is necessary to protect mobile home homeowners and residents of mobile homes from unreasonable rent increases and at the same time recognize the rights of mobile home park owners to maintain their property and to receive

just and reasonable return on their investments." (Ordinance, § 2.22.010.B.4[1]; *see also id.* § 2.22.010.D.1-6.) The Ordinance authorizes a yearly increase in rent that equals the lesser of (1) 100% of the percent change in Consumer Price Index; or (2) 6% of the base rent. (*Id.* § 2.22.070.A) If a park owner wants to increase the rent above that amount, the Ordinance provides for an administrative process to consider such requests. (*Id.* § 2.22.080.)

According to the Parkowner, the market rental value for spaces at the Park in October 2009 was $625 per month and actual average rent at the Park was approximately $471. (FAP ¶ 26; *see also id.* ¶¶ 33-46.) The Parkowner decided to notice a rent increase to $625 per month. The City appointed Mr. Snowden as a hearing officer and held evidentiary hearings on the proposed rent increase. (*Id.* ¶¶ 27, 67-70.) On July 14, 2011, Mr. Snowden issued his decision and concluded that an increase of $60 per space was reasonable. As a result of that ruling, the Parkowner was permitted to raise the rent only to $537.59. (*Id.* ¶ 71.) The Parkowner alleges that because it was not permitted to increase the rent to $625, it has suffered a "loss of income of at least $248,201.28 per year and a loss in the market value of the Parkowner's property of at least $3,971,220.48. (*Id.* ¶ 72.)

Based on these and other allegations, the Parkowner alleges that Respondents' actions violate the takings, due process and equal protection clauses of the United States Constitution and the California Constitution. (*See generally id.* ¶¶ 78-92.)[2] The Parkowner states that it is no longer pursuing facial challenges to the Ordinance and does not intend to pursue the regulatory takings claim. Rather, the Parkowner intends "to attempt to plead a valid private takings claim and then request that this matter by stayed until such time as its state court remedies have been exhausted." (*See* FAP ¶ 95.)

//

//

---

[1] The Ordinance has been codified as Section 2.22 of the Calistoga Municipal Code.

[2] Like the Original Petition, the First Amended Petition is structured to include one cause of action for "Administrative Mandate," which is premised the legal theories set forth above.

3

**ANALYSIS**

**A.      Applicable Legal Standard.**

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court construes the allegations in the complaint in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). However, even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.... When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile. *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

**B.      The Court Dismisses the Takings Claim.**

The "takings clause" provides that private property shall not be "taken for public use, without just compensation." U.S. Const., amend. 5. The Parkowner alleges that Respondents have applied the Ordinance in a manner that results in purely private taking because: (1) the requested rent was neither excessive nor monoplistic; (2) it is not possible for a mobile home

4

parkowner to exploit a tenant unless the rent is above market; and (3) each tenant is entitled to a below market rent without regard to need. (Opp. Br. at 13:4-8; FAP ¶¶ 32-76.)

In brief, the Parkowner argues that because it has shown that the proposed rent increase is neither excessive nor monopolistic, Respondents' reliance on the purposes of the Ordinance to deny the requested increase in full can only be a pretext designed to transfer the Parkowner's property – the difference between the market rent and the increase that has been allowed - to the Parkowner's tenants. Respondents argue that these alleged facts are insufficient to state a claim for a private taking. The Court agrees.

In order to satisfy the "public use" clause, a taking need only be "rationally related to a conceivable public purpose." *Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229, 241 (1984) ("*Midkiff*"); *see also Kelo v. City of New London*, 545 U.S. 469, 488 (2005). However, the City may not take the Parkowner's property "for the purpose of conferring a private benefit on a particular private party," nor can it "take property under the mere pretext of a public purpose, when its actual purpose [is] to bestow a private benefit." *Kelo*, 545 U.S. at 477-78; *see also Midkiff*, 467 U.S. at 245 ("A purely private taking could not withstand the scrutiny of the public use requirement; it would serve no legitimate purpose of government and would thus be void.").

The Ordinance states that its purpose is to, *inter alia*, "[p]revent exploitation of the shortage of vacant mobile home park spaces, ... [r]ectify the disparity of bargaining power that exists between mobile home park homeowners and mobile home park owners," and prevent excessive and unreasonable rent increases while providing a process by which parkowners can obtain a reasonable rate of return on their investment. (Ordinance, §§ 2.22.010.D.1-6, 2.22.010.B.1-5.) The Parkowner includes new and more detailed allegations regarding the evidence that purports to demonstrate that the rent it seeks to charge is below market and that it does not have monopoly power. However, those facts merely elaborate on factual allegations that the Court previously found to be insufficient to state a private takings claim, and the Court finds that those facts do not alter the analysis.

The Court's previous ruling on the private takings claim was premised on the fact that the Parkowner had not alleged facts that would be sufficient to show pretext. The Parkowner

5

allegations in the FAP that the City has refused to adopt an ordinance that would require the City to establish a subsidy program, whereby the City would provide each and every tenant at mobilehome parks located in the City with a monthly subsidy equal to the difference between the market rate and the rent control rate, regardless of need. (FAP ¶ 59.) The Parkowner argues that the City's reaction to its proposal demonstrates that Mr. Snowden's ruling and the application of the Ordinance to the Parkowner's request for a rent increase is merely a pretext to justify a purely private taking. For the reasons set forth in the Court's Order granting the motion to dismiss the Original Petition, the Court concludes that those facts do not render this case analogous to *Armendariz v. Penman*, 75 F.3d 1311 (9th Cir. 1996), or *99 Cents Only Stores v. Lancaster Redevelopment Agency*, 237 F. Supp. 2d 1123 (C.D. Cal. 2001). For similar reasons, the Court also finds the Parkowner's reliance on *Cottonwood Christian Center v. Cypress Redevelopment Agency*, 218 F. Supp. 2d 1203 (C.D. Cal. 2002) to be misplaced.

The Court concludes that the Parkowner has not stated a private takings claim. Accordingly, the Court dismisses that claim with prejudice. This ruling should not be construed to preclude the Parkowner from attempting to bring a regulatory takings claim if, and when, such a claim becomes ripe.

**C.    The Court Dismisses the Equal Protection and Substantive Due Process Claims.**

Respondents argue that the Parkowner failed to address the equal protection and substantive due process claims in its opposition brief and, thus, has conceded that those claims should be dismissed. Upon review of the allegations in the FAP, and for the reasons set forth in its Order granting the motion to dismiss the Original Petition, the Court concludes that these claims would be subsumed by the purported takings claim. *See Crown Point Development, Inc. v. City of Sun Valley*, 506 F.3d 851, 855 (9th Cir. 2007) ("[T]he Fifth Amendment would preclude a due process challenge only if the alleged conduct is actually covered by the Takings Clause. [*Lingle v. Chevron, U.S.A., Inc.*, 544 U.S. 528 (2005)] indicates that a claim of arbitrary action is not such a challenge."); *Colony Cove Properties, LLC v. City of Carson*, 640 F.3d 948, 960-62 (9th Cir. 2011); *Equity Lifestyle Properties, Inc. v. County of San Luis Obispo*, 548 F.3d, 1184, 1193-95 (9th Cir. 2008).

Accordingly, the Court GRANTS the motion to dismiss those claims. Because the Court has previously granted the Parkowner leave to amend, and because the Parkowner does not request leave to amend those claims, the Court dismisses the equal protection and substantive due process claims with prejudice.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Respondents' motion to dismiss. The Court shall issue a separate judgment, and the Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: November 15, 2012



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE